(29 Misc. Rep. 513.)

### ELKIN v. ELKIN et al.

(Supreme Court, Special Term, New York County. November, 1899.)

FUNDS DEPOSITED IN COURT—INVESTMENT—DISTRIBUTION OF LOSSES.
 Where different funds deposited in court were invested together in a bond and mortgage on real estate, and the property, after being bid in by the chamberlain on foreclosure, will not sell for enough to avoid a loss, the loss should fall pro rata on all the funds invested.

Action by Florence Elkin against Manuel H. Elkin and others. Application for an order directing the chamberlain to pay the plaintiff an amount deposited to her credit in the action. Denied.

James F. Higgins, for petitioner.
Abraham Stern, for the chamberlain.

BOOKSTAVER, J.    This is an application for an order directing the chamberlain to pay to the petitioner, who has recently attained her majority, the sum of $2,800, the amount deposited to her credit in this action some seven or eight years ago.    From the opposing affidavits on behalf of the present chamberlain, it appears that the sum in question, together with nine other sums belonging to other funds, and ranging in amount from $900 to $12,373.03, and aggregating $42,500, were invested by a predecessor in office in a bond and mortgage upon real estate in this city.    Interest was not kept up, and foreclosure became necessary.    At the sale the present chamberlain, under authority from the appellate division of this department, became the purchaser.    This was on January 23, 1899, and since that time he has not succeeded in his attempts to find a purchaser.    He states that he is informed and believes that the obligor is insolvent, and that the property will not sell for enough to avoid a loss, and points out that this loss should equitably fall pro rata upon all the funds going to make up the aggregate investment.    The position is well taken.    The loss so distributed will in all probability amount to only a small percentage, whereas, if fund after fund were withdrawn in their respective full amounts, the entire loss would ultimately fall upon the last one, which might be entirely wiped out.    I should be disposed to direct payment of some portion of the $2,800 asked for, inasmuch as it is alleged that the petitioner is in need, were it not for the fact that there is no fund out of which any such part payment could be made.    To require any transference of investments now would still further involve a difficult situation. The petitioner's unfortunate position does not appear to have resulted from any misconduct on the part of any one, but from the defect of the law, as was pointed out in the quite similar case of Chesterman v. Eyland, 81 N. Y. 398, and a depreciation in values which often affects, in particular cases, the most prudently managed trust institutions, such as insurance companies and savings banks.    It is not an uncommon occurrence for such institutions to have to resort to foreclosure proceedings, and for them to sustain losses in such cases.    But such losses are so distributed that they are not felt, instead of falling with crushing force upon some particular depositor or policy holder.    To such extent as it is in my power to promote such an equitable and beneficial distribution of this loss, I shall promote it, and therefore deny this motion.    The chamberlain will doubtless sell the property as soon as possible without sacrifice, and then the several funds can be credited with their proportionate part of the proceeds of the sale.    Ordered accordingly.